Kirkpatrick, C. J.
— It appears from the proceedings returned, that Jos. Ely, the plaintiff below, had obtained a judgment against one Isaac Prall, jun. before one Hugh Runyan one of the justices of the peace of the county of Hunterdon; that execution was sued out on this judgment, and.delivered to Derick Waldron the defendant below, to be executed; that for his neglect in making and paying forward the money on that execution, this action is brought, and judgment entered thereon. It appears further, that after the entry of this judgment, the original judgment againstPrall, which was the very ground of the whole proceeding, wTas reversed in this Court.
It is certain that the justice could not take notice of any error in the first judgment, while the same remained [*] unreversed. But I take it to be a settled principle, that if a man recover upon a judgment, and that judgment be after-wards reversed, the second judgment shall be reversed also. And this seems to be a principle founded in plain common sense, and in the laws of immutable justice. That the judgment here is against the constable for neglect in carrying the first judgment into execution, and not against Prall the *59 defendant in that action, does not seem to me substantially to vary the case; for still, that judgment is the very essence of the cause. That judgment having been reversed,
In my opinion, let this be also.
RosseTíIi, J. — Concurred.
Pennington, J.
— It strikes me that there is a real difficulty in this case. The reversal of the first judgment against Prall, is no reversal of the second judgment against Waldron, the constable — this being a judgment by itself, and collateral to the first. The ancient remedy in this case, was by audita querela, 9 Bac. 506. Cro. Jac. 645. This ancient writ having given place to the modern and more convenient remedy by motion, I presume relief in this case would be given in a court pursuing the course of the common law, by motion. This Court, l believe, hath not countenanced the idea that a court for the trial of small causes, can exercise an equitable control over its judgments, on motion of either party; if so, relief must be had here. There appears to me, however, an incongruity in reversing a judgment fairly and regularly obtained, on matter arising subsequent to the judgment, and collateral to it. I do not consider, however, the authority of this Court, in this case, merely that of a Court of Error. The general superintending authority which this Court hath over all inferior jurisdictions, will enable it to correct their proceedings in such manner, as to promote substantial justice, conformable to principles of law. I see no reason why this Court in staying, annulling, or setting aside the proceedings of inferior jurisdictions, should not annex reasonable conditions. Supposing the constable, in this case, [*] had sold the goods levied on, and collected part or all of the money, a writ of restitution must issue against the plaintiff below — and he would have no other remedy, but to pursue his judgment against the constable; and we ought not, in such case, to take that remedy out of his hands, without indemnity. In this case, it appears by the state of demand of the plaintiff below, and which is found true by the verdict, that the constable, the defendant below, had levied on certain goods and chattels of Prall, the defendant, in the first action. In case these goods and chattels have not been returned to Prall, he has a right to a writ of restitution, not against the constable, but against the plaintiff below. This shews the propriety of an equitable exercise of authority. I therefore, am not prepared to lay down the broad rule, that in case of the reversal of a judgment of a justice, a judgment afterwards obtained against a constable for neglect of duty under an execution on that judgment, *60 must be reversed; but feel a disposition to get at the justice of the thing in some other way. Perhaps a supersedeas to stay execution until the further order of this Court, may prevent injustice — and give time for the real situation of the plaintiff below, to be ascertained. — Judgment reversed.
Maxwell and Hunter, for the plaintiff.
Ewing, for defendant.